IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANTONIO BUEHLER,
*PLAINTIFF*

   V.

Case No. __1:19-cv-188_____

LT. DAREN HEAD, HOUSTON POLICE
DEPARTMENT,
*DEFENDANT*

## PLAINTIFF'S ORIGINAL COMPLAINT
## & JURY DEMAND

### Introduction

This civil action arises from Defendant's violations of Plaintiff's civil rights on or about February 14, 2019 in Travis County, Texas. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the First and Fourth Amendment of the United States Constitution. Plaintiff also seeks prohibitory and mandatory injunctive relief in the form of a Temporary Restraining Order and Permanent Injunction. This is a civil rights action challenging as unconstitutional the above-named Defendant's violation of Plaintiff's Fourth Amendment rights in retaliation for Plaintiff's exercising of his First Amendment protected rights.

### Jurisdiction and Venue

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343. Venue in this Court is appropriate under 28 U.S.C. §1391(b).

**Plaintiff**

2.     Plaintiff Antonio Buehler (hereinafter "Buehler") is an adult resident of Austin, Travis County, Texas.

**Defendant**

3.     Defendant Daren Head is a law enforcement officer with the Houston Police Department and is sued in his individual capacity. He acted under color of law.

**Statement of Facts**

4.     February 14, 2019, Lt. Daren Head (hereinafter "Head") of the Houston Police Department caused an "administrative subpoena" to issue to every possible telephone, cellular phone, internet service provider, cable television provider, social media website, and other internet/phone company one can imagine, as well as "and/or any other communications provider/carrier […] who may possess the requested information." *Exhibit 1*, attached hereto, and hereby incorporated by reference.

5.     Head requested all possible information about the targeted individuals, as well as the Peaceful Streets Project, including their social security numbers, account numbers, email addresses, alternative contacts on the accounts, dates of service, rate schedules, **as well as "personal unlocking codes"** for the person's devices and accounts. *Exhibit 1*.

6.     In Exhibit 1, Head purports to be investigating the offense of "interfering with public duties." *Id*. That is a Class B misdemeanor in Texas. Tex. Penal Code Sec. 38.15(b). The interference statute includes a defense of speech: "it is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only." Tex. Penal Code Sec. 38.15(d).

7.     Plaintiff Buehler is a resident of Travis County, Texas. He has not been physically in the City of Houston in relationship to any law enforcement investigation in the last two years (or more).

8.    Buehler is, however, one of many administrators of a Facebook page related to the Peaceful Street Project, which posts law enforcement related articles and videos online.

9.    The Houston Police Department recently made national news when one of its detectives secured a "no-knock" warrant to raid a couple's house by apparently fraudulent means, and as a result, two innocent people were shot and killed in their homes. *See Houston Police to End Use of 'No-Knock' Warrants After Deadly Drug Raid*, Zaceri, Mirhir, (Feb. 19, 2019) The New York Times, https://www.nytimes.com/2019/02/19/us/no-knock-warrant-houston-police.html

10.   Articles related to the botched raid were circulated online, including Facebook, and on the Facebook page related to the Peaceful Streets Project.

11.   No one from the Houston Police Department sought to contact any of the administrators of the Peaceful Streets Project's Facebook page related to any issue leading up to this "administrative subpoena" attached as Exhibit 1. Nor did any HPD agents attempt to contact Plaintiff Buehler about any investigations. Buehler does not have any personal knowledge or relationship to any Houston law enforcement investigations.

12.   Buehler was notified by Facebook, Inc. by email that law enforcement had requested records related to him, and that he must file official legal action or Facebook would comply with the "administrative subpoena." *Exhibit 2*, attached hereto, and incorporated by reference.

13.   When Buehler requested more information about the law enforcement request, Facebook provided the "administrative subpoena." *Exhibit 3*, attached hereto, and incorporated by reference.

14.   On information and belief, Defendant Head sent *Exhibit 1* to conduct a dragnet style search of all internet accounts of Buehler's and the Peaceful Streets Project because of articles posted on the Facebook page of the Peaceful Streets Project. Upon information and belief, Head took this course of action with the intention of retaliating against Plaintiff for articles/comments that were

critical of the Houston Police Department and/or its Chief Art Acevedo that they associate with Plaintiff.

15.     No court of competent jurisdiction issued *Exhibit 1*, and it does not purport to be a warrant based on probable cause.

16.     Should Defendant Head gain access to Plaintiff's passwords, he will have access to information far in excess of the sensitive information at issue in *Carpenter v. U.S.*, 138 S.Ct. 2006 (2018).

## Causes of Action

17.     Plaintiff incorporates by reference all the foregoing paragraphs, and asks that insofar as the following theories of liability include additional factual allegations, those allegations be taken as true, and further alleges as follows:

18.     Defendant Head intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Plaintiff to be free from an unreasonable search by causing an "administrative subpoena" to issue that is not authorized by either Federal or State law. He cites the following code sections in support of the authority to issue *Exhibit 1*: Texas Code Crim. Proc. Art. 18.20, 1821; 18 U.S.C. 2703(c)(2)(A)-(F). He also indicates that Texas law requires the responding providers to confirm receipt of the subpoena pursuant to Texas. Code Criminal Procedure article 22.04.

   A.     TCCP Article 18.20 sets forth the legal criteria for an order to intercept wire, oral, or electronic communications in Section 4 of that article. It specifically delineates the types of crimes for which such an order may issue. Texas Penal Code Section 38.15 (interference) is **<u>NOT</u>** one of those listed offenses.

   B.     Under Section 6(b) of article 18.20, law enforcement may ask that a prosecutor seek an order, pursuant to a sworn affidavit, but any application for intercept

authorization must be made under oath to a judge of competent jurisdiction. TCCP art. 18.20(8). No judge signed Exhibit 1, and no prosecutor appears to have been included.

C.     TCCP Article 18.21 under section 4(b) allows for a peace offer to require an electronic communications service provider to provide identifying information pursuant to an administrative subpoena "authorized by statute." The only information the provider may provide without legal process is that which they already provide in a public directory or that which is provided to emergency vehicles during an emergency event. Head does not cite what code provision authorizes Exhibit 1 "administrative subpoena." It is not authorized under Texas Government Code Sec. 422.03, the Texas Administration Code, the Texas Family Code, Finance Code or Tax Code. He requests far more data than is authorized under TCCP art. 18.21(4)(b), **including the passwords to the accounts.**

D.     Texas Code of Criminal Procedure article 22.04 does not indicate that a person receiving a subpoena is required to acknowledge receipt, contrary to Head's language in Exhibit 1. That code section only sets forth the "requisites of citation."

E.     18 U.S.C. Sec. 2703 does not authorize a governmental entity to seek private party's passwords to accounts and devices.

**TEMPORARY RESTRAINING ORDER / INJUNCTION**

19.     Facebook intends to disclose Plaintiff's private confidential information to Defendant unless Plaintiff seeks legal action to prevent it. Plaintiff asks for a temporary restraining order preventing Defendant from receiving information pursuant to Exhibit 1 and an order requiring Head to destroy

5

any responsive information he has already received.

20.     Plaintiff will suffer an irreparable injury if the requested TRO is not granted: His right to free speech will be infringed upon should law enforcement have passwords to his online accounts wherein he and others post comments critical of Defendant's law enforcement agency. *See Elrod v. Burns*, 427 U.S. 347 (1976); *and Marcus v. Search Warrant*, 367 U.S. 717, 729 (1961) ("unrestricted power of search and seizure could also be an instrument for stifling liberty of expression").

21.     There is no adequate remedy at law should this TRO be denied, as the calculation of damages for law enforcement accessing Plaintiff's private accounts via passwords would be impossible.

22.     There is a substantial likelihood of success on the merits, as Defendant seeks to circumvent the warrant requirement without legal authority to do so. *See Carpenter v. United States*, 138 S.Ct. 2206 (2018); *and see Stanford v. Texas*, 379 U.S. 476, 482 (1965).

23.     Defendant would not be injured by a TRO, as Defendant would still be able to seek a proper warrant from a judge based on probable cause *if he has it*.

24.     This TRO would be in the public interest, as it involves the protection of the Constitutional rights of those who use the services of electronic communications providers, also known as EVERYONE.

25.     Notice is impractical, as Head may already be in receipt of material in response to his "administrative subpoena." Nevertheless, Plaintiff will forward this original petition to Head and the Houston Legal Department upon filing.

## Declaratory Relief

26.     Plaintiff realleges the material facts stated in the preceding paragraphs against Defendant. Defendant deprived Plaintiff of his federal constitutional right to be free from unreasonable searches and seizures. Plaintiff asks for a declaration pursuant to 28 U.S.C. §2201 that his rights arising under the Constitution have been violated by the actions of the Defendant.

## Damages

27.     Plaintiff suffered special damages incurred or will incur, including but not limited to legal fees, legal expenses, and other related expenses.

## Punitive Damages

28.     Defendant Head is liable for punitive damages as he was consciously indifferent to Plaintiff's constitutional rights.

## Demand for Jury Trial

29.     Plaintiff respectfully requests a jury trial.

## Relief

In light of the foregoing, Plaintiff requests Judgment against the Defendant as follows:

1.  Temporary Restraining Order and a Permanent Injunction;

2.  Compensatory damages, economic damages, from the Defendant, in an amount to be determined by the trier of fact;

3.  Punitive damages from the Defendant, in an amount to be determined by the trier of fact;

4. Pre-judgment and post-judgment interest;

5. Reasonable costs, expenses, and attorney's fees pursuant to 42 U.S.C §1988(b), expert fees pursuant to 42 U.S.C. §1988(c);

6. A declaration that Defendant violated Plaintiff's Constitutional rights, pursuant to 28 U.S.C. §2201; and

7. All such other relief to which Plaintiff is entitled.

Respectfully Submitted,
PLAINTIFF

By:
_____/s/ Millie L. Thompson_____
Millie L. Thompson
Texas State Bar Number: 24067974
*The Law Office of Millie L. Thompson*
1411 West Ave., Ste. 100
Austin, Texas 78701
Telephone: (512) 293-5800
Fax: (512) 682-8721
Email: millieaustinlaw@gmail.com

**CERTIFICATE OF SERVICE**

I, Millie Thompson, do hereby certify that on this the 27th day of February 2019, a true and correct copy of this Plaintiff's Original Complaint was served on the City of Houston Legal Department by email to Ronald Lewis at Ronald.lewis@houstontx.gov, the Houston Police Department's Art Acevedo at art.acevedo@houstontx.gov, and Daren Head at daren.head@houstontx.gov.

/s/ Millie L. Thompson_____
Millie L. Thompson

8